

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10190 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00054-HDM-VPC |
| v. | |
| ANTHONY GRAY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted June 13, 2019
San Francisco, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,** District Judge.

Following the denial of his motion to suppress evidence, defendant Anthony

Gray entered a conditional guilty plea to one count of being a felon in possession

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), preserving his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

right to appeal the denial of his motion to suppress. On appeal, Gray contends that the police lacked probable cause to conduct the search that uncovered the gun. We hold that the district court correctly found there was probable cause and so affirm.

On the evening of June 29, 2017, Gray was the passenger in a vehicle that was driving through downtown Reno, Nevada. Deputy Richard Spaulding of the Washoe County Sheriff's Office noticed that the car was operating without headlights and initiated a traffic stop. Deputy Vincent Gamboa, who was assisting with the stop, smelled marijuana from inside the car while questioning Gray. Gamboa asked the driver, Matthew Cannon, who had been "smoking bud" in the vehicle, but Cannon insisted that there was no marijuana in the car and that neither he nor Gray had been smoking. Cannon offered to let the officers test himself and Gray for drugs, but the officers did not do so. Instead, Gamboa called for a drug-detecting dog, which alerted on the vehicle. The officers then searched the car and found a handgun in Gray's backpack, located behind the driver's seat.

Gray argues on appeal, as he did before the district court, that because possession of less than one ounce of marijuana is legal in Nevada, <u>see</u> Nev. Rev.

Stat. § 453D.110(1), the officers lacked probable cause to suspect a violation of state law and so the ensuing search violated the Fourth Amendment.[1] We disagree.

Notwithstanding Nevada's legalization of possession of a small amount of marijuana in most instances, Nevada law still makes it a misdemeanor for a person to "smoke[] or otherwise consume[] marijuana in a public place, . . . or in a moving vehicle." Nev. Rev. Stat. § 453D.400(2). The vehicle in this case was moving before it was stopped by Spaulding and Gamboa. Because Cannon insisted that neither he nor Gray had been smoking marijuana, even though Gamboa could smell it, Gamboa "could have reasonably inferred that [Cannon was] lying and that [his] lies suggested a guilty mind." *District of Columbia v. Wesby*, 138 S. Ct. 577, 587 (2018). And once the dog alerted, confirming that the car contained drugs, "the facts available to [the officers] would warrant a [person] of reasonable caution in the belief that contraband or evidence of a crime [was] present." *Florida v. Harris*, 568 U.S. 237, 244 (2013) (internal quotation marks omitted) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)). Even if the smell was too

---

[1] Although Gray, as a passenger, would not ordinarily be permitted to challenge the search of the car, *see United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir. 2005), the Government has never argued, either in the district court or on appeal, that Gray lacked a reasonable expectation of privacy in the car. The Government therefore "has waived any objection it might otherwise have had" on that basis. *United States v. Wanless*, 882 F.2d 1459, 1463 (9th Cir. 1989).

faint to suggest a large quantity of drugs, Cannon's conduct could reasonably suggest that either he or Gray had been smoking in a public place or while the vehicle was in motion, in violation of Nev. Rev. Stat. § 453D.400(2).

Because the officers had probable cause to suspect a violation of Nevada law at the time of the search, the district court correctly denied Gray's suppression motion.[2]

**AFFIRMED.**

---

[2] In light of our conclusion, we do not reach the question of whether the Government forfeited its alternative argument—that the search could be sustained based on a suspected violation of federal law—by failing to adequately raise it before the district court.

4